# EXHIBIT A

| AOC-105 Doc. Code: CI | | Case No. 16-CI-24 29 |
|---|---|---|
| Rev. 1-07 Page 1 of 1 Commonwealth of Kentucky Court of Justice www.courts.ky.gov CR 4.02; CR Official Form 1 | **CIVIL SUMMONS** | Court ✔ Circuit ☐ District |
| | | County Fayette |

**PLAINTIFF**

Demond Warner, et al.

VS.

**DEFENDANT**

1840 McCullough Avenue, LLC

Dressman, Benzinger LaVelle, PSC; C/o Michael C. Schmidt

207 Thomas More Parkway

Crestview Hils          Kentucky          41017

**Service of Process Agent for Defendant:**

1840 McCullough Avenue, LLC

Dressman Benzinger LaVelle, PSC; c/o Michael C. Schmidt

207 Thomas Moore Parkway

Crestview Hills,          Kentucky          41017

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or** by **an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: _____JUN 3 0 2016_____          _____ Clerk
                                   By: _____ D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

_____

this ____ day of _____, 2____.

Served by: _____

_____ Title

COMMONWEALTH OF KENTUCKY
FAYETTE CIRCUIT COURT
DIVISION NO. 4
CASE NO. 16-CI-2429

DEMOND WARNER;
MARCUS THOMAS;
CORNELIUS ALLEN; AND
JAMES BOST                                                 PLAINTIFFS

FILED
ATTEST. VINCENT RIGGS, CLERK
JUN 30 2016
FAYETTE CIRCUIT CLERK
BY: _____ DEPUTY

v.

1840 McCULLOUGH AVENUE, LLC
    Serve:      Dressman Benzinger LaVelle, P.S.C.
                  c/o Michael C. Schmidt
                  207 Thomas More Parkway
                  Crestview Hills, Kentucky 41017

and

R INVESTMENTS, RLLP
    Serve:      William Travis Steffens
                  2653 15th Street, Studio 104
                  Denver, Colorado 80211

via

Kentucky Secretary of State
700 Capital Avenue, Suite 152
Frankfort, Kentucky 40601                                DEFENDANTS

## COMPLAINT AND JURY DEMAND

Come the Plaintiffs, Demond Warner ("Warner"); Marcus Thomas ("Thomas"); Cornelius Allen ("Allen") and James Bost ("Bost"), by counsel, and for their Complaint hereby states as follows:

### NATURE OF THE ACTION

1. This is a civil action pursuant to the Fair Labor Standards Act ("FLSA"), as amended, and KRS Chapter 337 for retaliation and related state law claims for recovery

1

of unpaid wages/overtime compensation, liquidated damages, attorney's fees, costs, litigation expenses and pre-judgment interest.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction over this action pursuant to Section 112 of the Kentucky Constitution as the amount in controversy, excluding interest, costs and attorneys' fees, exceeds the jurisdictional limits of this Court and because this Court has original jurisdiction over this matter pursuant to KRS 23A.010 and KRS 61.103(2).

3.  Venue is proper in this Court because Plaintiffs were employed by Defendants in Fayette County, Kentucky, Defendants conduct business in Fayette County, Kentucky, and Plaintiffs' cause of action accrued in Fayette County, Kentucky.

## PARTIES

4.  Plaintiff Warner is and was, at all pertinent times, a resident of Fayette County, Kentucky was at all pertinent times to this case, an employee of Defendants in Fayette County, Kentucky until his wrongful termination by Defendants.

5.  Plaintiff, Thomas was, at all pertinent times, a resident of Fayette County, Kentucky and was at all pertinent times to this case, an employee of Defendants in Fayette County, Kentucky until his wrongful termination by Defendants.

6.  Plaintiff, Allen was, at all pertinent times, a resident of Fayette County, Kentucky and was at all pertinent times to this case, an employee of Defendants in Fayette County, Kentucky until his wrongful termination by Defendants

7.  Plaintiff, Bost was, at all pertinent times, a resident of Fayette County, Kentucky and was at all pertinent times to this case, an employee of Defendants in Fayette County, Kentucky until his wrongful termination by Defendants.

8. Defendant, 1840 McCullough Avenue, LLC ("McCullough") is a Colorado limited liability company with its principal office at 2563 15th Street, Unit 104, Denver, Colorado, 80211. McCullough is authorized to do business in the Commonwealth of Kentucky and its registered agent in Kentucky is Dressman Benzinger LaVelle, P.S.C., 207 Thomas More Parkway, Crestview Hills, Kentucky 41017.

9. Upon information and belief Defendant, R Investments, RLLP ("R Investments") is a registered limited liability partnership with its principal office at 2563 15th Street, Suite 104, Denver, Colorado 80211. R Investments does but is not authorized to do business in the Commonwealth of Kentucky. R Investments agent for service of process is the Kentucky Secretary of State and may be served under Kentucky's long arm statute KRS §454.210.

## FACTS

10. McCullough is the legal title holder and, by and through its employees, agents and representatives operates two (2) residential apartment complexes in Lexington, Fayette County, Kentucky commonly known as Matador North Apartments ("Matador") and Fox Run Apartments ("Fox Run").

11. R Investments, by and through its employees, agents and representatives operated and exercised control, oversight over the operation of McCullough, Matador and Fox Run as well as their employees, including Plaintiffs. Upon information and belief, the McCullough's operations are funded through R Investments.

12. R Investments and/or McCullough were at all times pertinent to this case, the employer of Plaintiffs within the meaning of 29 U.S.C. 203(d) and KRS 337.010(1)(d).

13. Plaintiffs were, at all times pertinent to this case, and are, each of them, an "employee" of McCullough and/or R Investments within the meaning of 29 USC 203(e) and KRS 337.010(1)(e).

14. At all times pertinent to this case and at present, Plaintiffs were employed in non-exempt positions performing manual labor for Defendants including cleaning, painting, repairs and maintenance to the apartments and common areas at Matador and Fox Run along with other duties consistent with unskilled work in and around an apartment complex.

15. Throughout the job duties of Plaintiffs, their duties did not include hiring, firing, disciplining or the directing of other employees, and/or exercising meaningful independent judgment and discretion.

16. Consistent with Defendants' policy, pattern and/or practice, Plaintiffs regularly were required to work in excess of 40 hours per workweek without being paid all overtime wages, in violation of FLSA and KRS Chapter 337.

17. As part of its regular business practice Defendants intentionally, willfully and repeatedly engaged in a policy, pattern and/or practice of violating FLSA and the state wage and hour laws with respect to Plaintiffs. This policy, pattern and/or practice includes, but is not limited to the foregoing knowledge of its obligations and the kind of work that Plaintiffs were performing and that, as a result, Defendants have been:

    a. Willfully failing to pay Plaintiffs for all of their regular time wages;

    b. Willfully failing to pay Plaintiffs, wages for all hours worked in excess of forty (40) hours per work week; and

4

    c. Willfully failing to provide enough money in its budget for its non-exempt employees to perform their duties and responsibilities.

18. Plaintiffs complained to their Defendants through their supervisors about Defendants willful failure to wages and overtime wages.

19. Due to the continued and systematic failure to pay wages and overtime wages, Warner filed a complaint with Kentucky Labor Cabinet on or about December 28, 2015 for the Defendants willful failure to pay overtime wages.

20. On or about December 30, 2015, a manager with R Investments called Warner into his office specifically advised Warner that because he had contacted the Kentucky Labor Cabinet, Warner's employment was terminated effective immediately. Warner was then instructed to clock out and leave the premises.

21. Thomas and Bost, who continued with their employment during that time, did not contact Kentucky's Labor Cabinet, but did make complaints to Defendants about its failure to properly pay wages including overtime wages.

22. Their complaints about their wages were a motivating factor, Thomas and Bost were also fired by Defendants.

## FIRST CAUSE OF ACTION
## FAIR LABOR STANDARD ACT: UNPAID OVERTIME WAGES

23. Plaintiffs re-allege and incorporate by reference the foregoing paragraphs as if they were set forth again herein.

24. At all relevant times, Defendants have been and continue to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA 29 USC 206(a) and 207(a).

25.     At all relevant times, Defendants employed Plaintiffs within the meaning of the FLSA.

26.     The overtime wage provisions set forth in FLSA apply to Defendants.

27.     At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to Plaintiffs for hours worked in excess of forty (40) hours per work week.

28.     As of Defendants' willful failure to compensate its employees, including Plaintiffs, at a rate of not less than one and one-half (1½) times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendants have violated the FLSA, 29 USC §201 *et seq.,* including 29 USC 207(a)(1) and 215(a).

29.     As a result of Defendants' willful failure to record, report, credit and/or compensate its employees, including Plaintiffs, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wage, hours and other conditions and practices of employment in violation of the FLSA, 29 USC §201, *et seq.,* including 29 USC §§211(c) and 215(a).

30.     As result of Defendants' FLSA violations, Plaintiffs are entitled to (a) recover from Defendants their unpaid wages for all hours worked by them, as overtime compensation, (b) to recover an additional, equal amount as liquidated damages for Defendants' willful violations of FLSA, and (c) to recover their unreasonably delated payment of wages, reasonable attorneys' fees and costs and disbursements of this action pursuant to 29 USC 216(b).

6

## SECOND CAUSE OF ACTION
## KENTUCKY WAGE AND HOUR LAW: UNPAID WAGES

31. Plaintiffs re-allege and incorporate by reference the preceding paragraphs as if they were set forth again herein.

32. At all times, Plaintiffs' were employed by defendants within the meaning of Kentucky's wage and hour laws, and defendant was their employer with that within the meaning of same.

33. The overtime wages provisions of Kentucky's wage and hour laws and its supporting regulations apply to Defendants.

34. Defendants willfully violated plaintiff's rights and the rights by failing to pay them the legally required amount of wages and overtime compensation at rates not less than one and one-half (1½) times their regular rate of pay for all hours worked by them in excess of forty (40) in a workweek in violation of Kentucky wage and hour laws and its regulations.

35. Defendants' instituted a policy and practice that did not allow plaintiffs to record all hours worked, in defendant's failure to post or keep posted a notice explaining the minimum wage and overtime wage requirements, defendant knew and or showed reckless disregard of its conduct that was prohibited by Kentucky's wage and hour laws.

36. As a result of Defendants' willful violations of Kentucky's wage and hour laws, plaintiffs are entitled to recover from defendants their unpaid wages, overtime wages, reasonable attorneys' fees and costs of this action, liquidated damages and pre-judgment and post-judgment interest, including employer's share of FICA, FUTA, state unemployment insurance and any and other required employment taxes.

## THIRD CAUSE OF ACTION
## RETALIATORY DISCHARGE UNDER FLSA, 29 USC §218c

37.  Plaintiffs re-allege and incorporate by reference the preceding paragraphs as if they were set forth again herein.

38.  Plaintiffs complained to their superiors with Defendants of Defendants failure to properly pay their wages under the FLSA.  Warner complained additionally to Kentucky's Labor Cabinet.

39.  Plaintiffs complaints regarding Defendants failure to pay lawful wages was a motivating factor in Defendants decision to terminate Plaintiffs employment in violation of FLSA, 29 USC §218c.

40.  As a direct and proximate result of Defendants referenced violation, Plaintiffs have been damaged.

## FOURTH CAUSE OF ACTION
## RETALIATORY DISCHARGE UNDER KRS §337.990 AND KRS §446.070

41.  Plaintiffs re-allege and incorporate by reference the preceding paragraphs as if they were set forth again herein.

42.  Plaintiffs complained to their superiors with Defendants of Defendants failure to properly pay their wages under Kentucky's wage and hour laws.  Warner complained additionally to Kentucky's Labor Cabinet.

43.  Plaintiffs complaints regarding Defendants failure to pay lawful wages was a motivating factor in Defendants decision to terminate Plaintiffs employment in violation of KRS §337.990 and KRS §446.070.

8

44. As a direct and proximate result of Defendants referenced violation, Plaintiffs have been damaged in an amount to be determined by the Court.

## FIFTH CAUSE OF ACTION
## KENTUCKY COMMON LAW WRONGFUL TERMINATION

45. Plaintiffs re-allege and incorporate by reference the preceding paragraphs as if they were set forth again herein.

46. Defendants' termination of Plaintiffs constitutes a wrongful discharge in violation of well-established public policy in the Commonwealth of Kentucky set forth in the Kentucky wage and hour laws.

47. As a result of Defendants' unlawful conduct, Plaintiffs have been damaged in an amount to be determined by the Court.

## SIXTH CAUSE OF ACTION
## BREACH OF CONTRACT

48. Plaintiffs re-allege and incorporate by reference the preceding paragraphs as if they were set forth again herein.

49. Plaintiffs entered into an employment contract with Defendants whereby Defendants agreed to pay Plaintiff's wages for hours worked.

50. Defendants failure to pay wages as required under the contract and wrongfully terminating them breached Defendants' contract to Plaintiffs.

51. As a result of Defendants breach, Plaintiffs have been damaged in an amount to be determined by the Court.

## SEVENTH CAUSE OF ACTION

9

## CIVIL CONSPIRACY

52. Plaintiffs re-allege and incorporate by reference the preceding paragraphs as if they were set forth again herein.

53. Defendants acted systematically, willfully, wantonly and recklessly and with a common design and scheme to deny Plaintiffs their rights under the FLSA and Kentucky's wage and hour laws.

54. Defendants, having their employees and operations so intertwined, knew or should have known, their concerted conduct constituted a breach of their legal duties to Plaintiffs.

55. As a result of the actions by the Defendants in furtherance of their civil conspiracy, Plaintiffs have been damaged in excess of the jurisdictional limits of this Court.

WHEREFORE, Plaintiffs, Demond Warner, Marcus Thomas, Cornelius Allen and James Bost, by counsel, respectfully demand as follows:

1. An award of back and front pay and other benefits;

2. An award of compensatory damages;

3. Trial by jury;

4. Reasonable attorneys' fees and expenses incurred herein and the costs of this action; and

5. Any and all other relief to which the Plaintiffs may appear entitled.

Respectfully submitted,

*/s/ Todd C. Myers*
_____
Todd C. Myers
Melanie J. Kilpatrick
Rajkovich, Williams, Kilpatrick & True, PLLC
3151 Beaumont Centre Circle, Suite 375
Lexington, Kentucky 40513
Telephone:  (859) 245-1059
Facsimile:   (859) 245-1231



**WARNER, DEMOND , ET AL VS. 1840 MCCULLOUGH AVENUE, LLC, ,**

**FAYETTE CIRCUIT COURT**

**16-CI-02429**   Filed on **06/30/2016** as OTHER with **HON. PAMELA GOODWINE**

**** NOT AN OFFICIAL COURT RECORD ****

| **Parties** | **16-CI-02429** |
|---|---|

**1840 MCCULLOUGH AVENUE, LLC,** as **DEFENDANT / RESPONDENT**

**Address**

C/O MICHAEL SCHMIDT
207 THOMAS MORE PARKWAY
FORT MITCHELL KY 41017

**Summons**

**CIVIL SUMMONS** issued on **06/30/2016** by way of **RETURNED TO ATTORNEY/PETITIONER**

**ALLEN, CORNELIUS** as **PLAINTIFF / PETITIONER**

**BOST, JAMES** as **PLAINTIFF / PETITIONER**

**R INVESTMENTS, RLLP,** as **DEFENDANT / RESPONDENT**

**Address**

WILLIAM TRAVIS STEFFENS
2653 15TH ST., STUDIO 104
DENVER CO 80211

**Summons**

**CIVIL SUMMONS** issued on **06/30/2016** served on **07/22/2016**
SOS SERVED 07/06/16 SOS RETURNED SCANNED IMAGE 07/22/16 OF SERVICE ON 07/11/16

**THOMAS, MARCUS** as **PLAINTIFF / PETITIONER**

**WARNER, DEMOND** as **PLAINTIFF / PETITIONER**

**KILPATRICK, MELANIE J.,** as **ATTORNEY FOR PLAINTIFF**

**Address**

RAJKOVICH, WILLIAMS, KILPATRICK & TRUE
3151 BEAUMONT CENTRE CIRCLE, SUITE 375
LEXINGTON KY 40513

| **Documents** | **16-CI-02429** |
|---|---|

**COMPLAINT / PETITION** filed on **06/30/2016**

**RECEIPT** filed on **06/30/2016**

| **Images** | **16-CI-02429** |
|---|---|

There are no images found for this case.

**** End of Case Number : 16-CI-02429 ****