UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                    **CENTRAL DIVISION at LEXINGTON**

DEMOND WARNER, et al.,           )
                                 )
    Plaintiffs,                  )   Civil No. 5:16-cv-298-JMH
                                 )
v.                               )
                                 )   **MEMORANDUM OPINION**
1840 McCULLOUGH AVENUE, LLC,     )   **AND ORDER**
et al.                           )
                                 )
    Defendants.                  )

                              *****

                        **I. INTRODUCTION**

Defendants 1840 McCullough Avenue, LLC and R Investments, RLLP move to dismiss portions of the Complaint filed by Plaintiffs Demond Warner, Marcus Thomas, James Bost, and Cornelius Allen for failure to state a claim upon which relief may be granted. [DE 5]. Warner, Thomas, and Bost have filed a Response in Opposition to the Motion, as well as an Amended Complaint, consistent with Federal Rule of Civil Procedure 15(a)(1)(B). [DE 11, 12]. Defendants have submitted their Reply, in which they assert that the Amended Complaint suffers from the same flaws as the original Complaint. [DE 17]. Allen has not endeavored to defend or amend his claims. Thus, the Court considers the Motion for Partial Dismissal ripe for review. For the reasons stated herein, said Motion shall be granted in part and denied in part.

1

## II. Factual and Procedural Background

Defendant 1840 McCullough Avenue, LLC is a Colorado-based enterprise that owns and operates Fox Run Apartments and Matador North Apartments in Lexington, Kentucky. [DE 11, p. 2-3, ¶ 6-8]. Defendant R Investments, RLLP, also a Colorado-based business entity, oversees the daily operations of 1840 McCullough Avenue. [*Id.* at p. 3, ¶ 9].

In April 2015, Plaintiffs Marcus Thomas and James Bost entered into written employment contracts with Defendants. [*Id.* at p. 4, ¶ 12]. These contracts, prepared by Misty Lucero, National Director of Property Management for R Investments, provided that Thomas and Bost would earn an hourly wage for their work as groundskeepers. [*Id.*]. They would also receive a $300 credit per month on an apartment and a $40 credit for each apartment that they cleaned. [*Id.*]. Defendants hired Plaintiff Demond Warner as a construction worker about one month later. [*Id.* at p. 4, ¶ 13].

Warner, Thomas, and Bost, along with Plaintiff Cornelius Allen, were responsible for cleaning, painting, repairing, and maintaining the apartments, grounds, and common areas of Fox Run and Matador North. [DE 1-1, p. 5, ¶ 14; DE 11, p. 4, ¶ 14-15]. These duties regularly required more than forty hours of work per week. [DE 1-1, p. 5, ¶ 16; DE 11, p. 4, ¶ 16]. However, Defendants neglected to pay Plaintiffs regular hourly wages or overtime

wages.[1]  [DE 1-1, p. 5, ¶ 16-17; DE 11, p. 4-5, ¶ 17].  Defendants also failed to provide Thomas and Bost with the agreed-upon apartment credits and cleaning credits.  [DE 11, p. 4-5, ¶ 18].  Although Plaintiffs complained to their supervisors about unpaid wages and unreceived credits, the situation did not improve.[2]  [DE 1-1, p. 6, ¶ 18; DE 11, p. 5, ¶ 19-20].

On December 28, 2015, Warner filed a complaint with the Kentucky Labor Cabinet ("KLC").  [DE 11, p. 6, ¶ 22].  Two days later, a manager with R Investments summoned Warner to his office and explained that Warner's employment was being terminated, effectively immediately, because he had filed a complaint with the KLC.  [*Id.*].  After Warner's discharge, Thomas and Bost continued to complain to their supervisors about Defendants' failure to compensate them.  [*Id.* at p. 6, ¶ 23].  Defendants terminated their employment in early 2016.  [*Id.* at p. 6, ¶ 24].

On June 30, 2016, Warner, Thomas, Bost, and Allen filed suit in Fayette Circuit Court, asserting the following seven claims: (1) unpaid overtime wages in violation of the Fair Labor Standards Act ("FLSA"); (2) unpaid wages in violation of the FLSA; (3) retaliatory discharge in violation of the FLSA; (4) retaliatory

---

[1] Plaintiffs further allege that Defendants failed to pay them a minimum wage and failed to sufficiently fund their budget so that non-exempt employees could perform their duties.  [DE 11, p. 4-5, ¶ 17].
[2]  Plaintiffs also requested copies of their timecards and pay stubs from Defendants, but never received them.  [DE 1-1, p. 6, ¶ 18; DE 11, p. 5, ¶ 19-20].

3

discharge in violation of the Kentucky Wage and Hour Act ("KWHA"); (5) wrongful termination; (6) breach of contract; and (7) civil conspiracy. [DE 1-1]. Defendants removed the case to this Court on the basis of federal question and supplemental jurisdiction, then filed the instant Motion for Partial Dismissal. [DE 1, 5].

In the Motion, Defendants sought dismissal of the breach of contract claim, arguing that the employment contracts at issue were void under Kentucky's statute of frauds. Defendants also complained that the breach of contract and civil conspiracy claims consisted of nothing more than threadbare, conclusory allegations. Finally, Defendants moved to dismiss Allen's retaliatory discharge and wrongful termination claims, citing a complete lack of underlying factual allegations.

Shortly thereafter, Plaintiffs' counsel sought leave to withdraw as Allen's attorney. [DE 10]. The Court granted this request and instructed Allen to respond to the Motion for Partial Dismissal within thirty days. [DE 13]. Plaintiffs' counsel then filed an Amended Complaint and Response to the Motion for Partial Dismissal on behalf of Warner, Thomas, and Bost. [DE 11, 12]. The Amended Complaint described the circumstances of their employment in greater detail and limited the breach of contract claim to Thomas and Bost only, thereby abandoning Warner's breach of contract claim. Defendants promptly submitted their Reply,

4

attacking the sufficiency of the Amended Complaint on the same grounds raised in the initial Motion. [DE 17].

### III. Analysis

A Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also* Fed. R. Civ. P. 12(b)(6). It should also include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly v. Bell Atl. Corp.*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that a defendant is liable for the misconduct alleged." *Id.* "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

"The affirmative defense that an agreement does not comply with the Statute of Frauds can properly be raised in a Rule 12(b)(6) motion to dismiss where the defect appears on the face of the complaint." *Pragma, Inc. v. Compuware Corp.*, No. 97-CV-72688-DT, 1998 WL 35308133, at *1 (E.D. Mich. Mar. 31, 1998) (citing *Cont'l Collieries v. Shober*, 130 F.2d 631, 635 (3d Cir. 1942)); *see also 859 Boutique Fitness, LLC v. Cyclebar Franchising, LLC*, Civ. A. No. 5:16-cv-018-KKC, 2016 WL 2599112, at *2 (E.D. Ky. May

5, 2016), *appeal docketed* No. 16-6427 (6th Cir. Sept. 20, 2016) (explaining that the assertion of such a defense is appropriate at the motion to dismiss stage "where the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense") (quoting *Andonissamy v. Hewlett-Packard Co.*, 547 F.3d 841, 847 (7th Cir. 2008)).

Kentucky's statute of frauds provides that "[n]o action shall be brought to charge any person … [u]pon any agreement that is not to be performed within one year from the making thereof … unless the … agreement … be in writing and signed by the party to be charged therewith." Ky. Rev. Stat. Ann. § 371.010. However, "contracts for employment or other performance that is to begin within a year and is to continue for an indefinite, unspecified period … are held not to be within the one-year clause of the statute." *Buttorff v. United Elec. Lab., Inc.*, 459 S.W.2d 581, 585 (Ky. Ct. App. 1970).

Defendants argue that Thomas and Bost's amended breach of contract claim should be dismissed because the Complaint "does not allege that any Plaintiff's contract was to be performed within one year from the making," nor does it "show that the contracts they allege were actually for an indefinite period." [DE 5-1 at 5 and 17at 3]. Defendants also complain that, "[b]ecause Plaintiffs fail to include copies of the written contracts they

6

allege exist … it is impossible for Defendants to assess the duration and terms of the contracts and whether Kentucky's Statute of Frauds bars such claims." [DE 17 at 3].

While the Amended Complaint does not specifically assert that the employment contracts were to be performed, or at least begun, within one year of their making, it sets forth several facts that support such an inference. The Amended Complaint alleges that Defendants entered into written employment contracts with Thomas and Bost in April 2015, and that Thomas and Bost began work on Defendants' properties shortly thereafter. Nothing on the face of the Amended Complaint suggests that these employment contracts run afoul of the statute of frauds. Defendants, in arguing that they cannot assess the existence of a statute of frauds problem without reviewing the actual contracts, inadvertently concede as much. Thus, they are essentially asking the Court to dismiss the breach of contract claim because Thomas and Bost have failed to demonstrate that a statute of frauds problem does *not* exist. This is a higher standard of proof than Rule 12(b)(6) requires.

In the alternative, Defendants contend that the amended breach of contract claim consists of nothing more than a formulaic restatement of the elements of the cause of action. While the Amended Complaint does recite these elements, it also provides

7

detailed factual matter to support the breach of contract claim.[3] It specifically states that Thomas and Bost entered into written employment contracts with Defendants,[4] then describes the key terms of these contracts, the manner of their preparation, the time of their execution, and the circumstances of their breach, and the consequences of the breach. Accepting these allegations as true, the Court may "draw the reasonable inference that [Defendants] are liable for the misconduct alleged." *Twombly*, 550 U.S. at 570. Because Thomas and Bost have successfully stated a claim upon which relief may be granted, dismissal of the breach of contract claim is inappropriate at this juncture. *See* Fed. R. Civ. P. 12(b)(6).

Defendants make the same argument with regard to the civil conspiracy claim. Once again, the Amended Complaint briefly recites the elements of the cause of action, then provides underlying factual detail to support the claim. It identifies both Defendants as conspirators in a scheme to withhold wages from their employees. The Amended Complaint also alleges that

---

[3] Such details are actually set forth in the introductory section of the Amended Complaint and incorporated by reference into the breach of contract claim. [DE 11].

[4] The Amended Complaint initially states that *Allen* and Bost entered into employment contracts with Defendants. [DE 11, p. 4, ¶ 12]. However, it later states that Defendants had a contractual obligation to *Thomas* and Bost. [*Id.* at p. 5, ¶ 19]. Because the Amended Complaint pertains only to Warner, Thomas, and Bost, the Court believes that the initial reference to Allen was a typo. After all, Plaintiffs' counsel had already moved to withdraw as Allen's attorney when she filed the Amended Complaint. [DE 10]. Thus, the Court presumes, for purposes of this analysis, that Thomas and Bost had written employment contracts with Defendants.

Defendants accomplished this goal by refusing to pay their employees, changing or destroying time records, and retaliating against those who complained about unpaid wages. These assertions rise above the level of "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Iqbal*, 556 U.S. at 678. In fact, they are sufficient to state a claim for relief that is plausible on its face, thereby precluding dismissal of the civil conspiracy claim.

As for Allen's wrongful termination, retaliatory discharge, breach of contract, and civil conspiracy claims, Defendants are correct in asserting that these claims are completely unsupported by factual allegations. [DE 1-1, p. 9-10]. The initial Complaint does not describe the terms of Allen's employment with Defendants, nor does it detail the circumstances of his termination. Allen is simply included in broad, conclusory statements applicable to all Plaintiffs.[5] Because Allen has made no attempt to defend or amend

---

[5] For example, the "Facts" section of the initial Complaint alleges that Defendants terminated Warner's employment based on his KLC complaint. [DE 1-1, p. 6, ¶ 19-20]. It also states that Defendants discharged Thomas and Bost after receiving repeated complaints about unpaid wages. [*Id.* at p. 6, ¶ 21]. It does not suggest that Allen complained to anyone about this issue. Nevertheless, the Complaint asserts a claim for retaliatory discharge under the FLSA on behalf of all Plaintiffs, stating that "Plaintiffs complained to their superiors … of Defendants failure to properly pay their wages under the FLSA" and that "Plaintiffs complaints w[ere] a motivating factor in Defendants decision to terminate Plaintiffs employment." [*Id.* at p. 9, ¶ 37-40]. Allen's other retaliatory discharge and wrongful termination claims are similarly conclusory, thus warranting dismissal under Rule 12(b)(6). [*Id.* at p. 9-10, ¶ 41-47]. The Court also finds it prudent to dismiss the breach of contract and civil conspiracy claims as to Allen because he has failed to follow the example of his former cohorts and cure the deficiencies in these claims, as identified in Defendants' Motion for Partial Dismissal.

9

these claims within the time period specified by the Court, they must be dismissed for failure to state a claim upon which relief may be granted.

### IV. Conclusion

Accordingly, for the reasons stated herein,

**IT IS ORDERED** that Defendants' Motion for Partial Dismissal [DE 5] is hereby **DENIED AS MOOT** as to Plaintiff Demond Warner's breach of contract claim, **DENIED** as to Plaintiffs Marcus Thomas and James Bost's breach of contract claim, as well as Warner, Thomas, and Bost's civil conspiracy claim, and **GRANTED** as to Plaintiff Cornelius Allen's claims for retaliatory discharge under the FLSA, retaliatory discharge under the KWHA, common law wrongful discharge, breach of contract, and civil conspiracy.

This the 20th day of October, 2016.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

10